UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALENTIN ZAVALA SANDOVAL,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. 2:26-cv-01198-JNW

ORDER GRANTING PETITION FOR HABEAS CORPUS

This matter comes before the Court on Petitioner Valentin Zavala Sandoval's amended petition for a writ of habeas corpus, Dkt. No. 13.[1] Zavala Sandoval challenges his bond denial and continued detention in immigration custody, arguing that the Immigration Judge's ("IJ") bond denial was constitutionally deficient. The Court GRANTS the petition for the reasons stated below.

---

[1] Petitioner obtained counsel after filing his initial habeas petition in this matter. The Court granted Petitioner's unopposed motion to amend the briefing schedule so that Petitioner could file a "counselled" amended habeas petition. Dkt. No. 10. The petition is now fully briefed and ripe for review.

ORDER GRANTING PETITION FOR HABEAS CORPUS - 1

## 1. BACKGROUND

Zavala Sandoval is a citizen of Mexico who has lived in the United Stated for over twenty-five years, primarily in Oregon. Dkt. No. 26 ¶¶ 22–23. He and his long-term partner have four children, who are all U.S. citizens. Dkt. No. 14-2 at 47; Dkt. No. 26 ¶ 23. Zavala Sandoval worked as a carpenter for the same construction company for 13 years. Dkt. No. 14-2 at 10. He has consistently paid taxes for nearly twenty years. Dkt. No. 14-2 at 11–45. His criminal record is limited and dated, including a 2006 Illinois conviction for resisting arrest and a 2017 fourth-degree assault charge that was dismissed. Dkt. No. 14-3. Prior to his most recent detention, Zavala Sandoval was encountered twice by immigration authorities and issued voluntary returns to Mexico in 2000 and 2006. Dkt. No. 7 ¶ 4.

On November 7, 2025, Immigration and Customs Enforcement (ICE) officers arrested Zavala Sandoval following a traffic stop in Oregon and served him with a Notice to Appear ("NTA") charging him as removable for being present without admission. Dkt. No. 13 ¶ 26; Dkt. No. 18-1 at 5. He was taken the Northwest ICE Processing Center ("NIWPC") in Tacoma, Washington, where he remains detained. Dkt. No. 13 ¶¶ 26, 32. On December 18, 2025, an IJ denied Zavala Sandoval bond finding that the court had no jurisdiction over the matter because Zavala Sandoval was subject to mandatory detention. Dkt. No. 14-1. The IJ concluded that even if the immigration court did have jurisdiction, Zavala Sandoval is a danger to the community and a flight risk. *Id*. In a memorandum issued on February 2, 2026, the IJ explained:

ORDER GRANTING PETITION FOR HABEAS CORPUS - 2

> The respondent has two voluntary returns in 2000 and 2006. The respondent has lived in the United States for decades and has not applied for any immigration status. The respondent has an assault in 2017 assault that involved a co-worker. The respondent did not present any documents about the assault and claims they don't exist.

*Id*. at 4–5.

On January 16, 2026, Zavala Sandoval applied for relief from removal with the immigration court. Dkt. No. 7 ¶ 9. On February 11, 2026, an IJ denied Zavala Sandoval's application and ordered him removed to Mexico. He appealed the order to the Board of Immigration Appeals (BIA) on February 19, 2026, where his appeal remains pending. *Id*. ¶¶ 10–11.

Although Respondents maintain that Zavala Sandoval is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), Dkt. No. 16 at 3, for purposes of this petition, they do not dispute that Zavala Sandoval is a member of the *Rodriguez Vasquez* bond denial class. *Id*. at 4. *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).

## 2. LEGAL STANDARD

Federal courts can grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody,"

and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

## 3.   DISCUSSION

### 3.1   Zavala Sandoval is detained under § 1226(a), not § 1225(b).

At the outset, Respondents argue that Zavala Sandoval is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission. That position fails. As this Court has recently held, a noncitizen arrested in the interior of the United States—rather than at the border or a port of entry—is not "seeking admission" within the meaning of § 1225(b)(2)(A) and is therefore subject to discretionary detention under § 1226(a). *Barrios Arroyo v. ICE Field Office Director*, No. 2:26-cv-994-JNW, 2026 WL 1396575, at *1–2 (W.D. Wash. May 19, 2026); *Jones v. Blanche*, No. 2:26-cv-01335-JNW, 2026 WL 1413189, at *2 (W.D. Wash. May 20, 2026). Zavala Sandoval was arrested during a traffic stop in Oregon, where he had lived for decades; he was not seeking admission. He is thus detained under § 1226(a) and is not subject to mandatory detention. Respondents' concession that he is a *Rodriguez Vazquez* class member yields the same conclusion.

### 3.2   The Court has jurisdiction to review Zavala Sandoval's bond decision.

Respondents contend that 8 U.S.C. § 1226(e) deprives the Court of jurisdiction because Zavala Sandoval asks it to review a discretionary bond determination and reweigh the evidence presented at the bond hearing. Dkt. No. 16

ORDER GRANTING PETITION FOR HABEAS CORPUS - 4

at 2–3. But federal courts retain jurisdiction to review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011); *see Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases). "The application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact," which courts may review. *Wilkinson v. Garland,* 601 U.S. 209, 212 (2024). A bond denial premised on community danger or flight risk is such a mixed question subject to judicial review under an abuse of discretion standard. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Zavala Sandoval challenges whether the IJ afforded him a constitutionally adequate bond hearing—precisely the type of claim that § 1226(e) preserves for habeas review. *See id.* at 781–82; Dkt. No. 13 at 10.

### 3.3    The Court waives the prudential exhaustion requirement.

Respondents argue that Zavala Sandoval must first exhaust his administrative remedies before the BIA. In immigration habeas cases, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, No. 25-cv-2428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). Prudential exhaustion is favored when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own

ORDER GRANTING PETITION FOR HABEAS CORPUS - 5

mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Even when the *Puga* factors are met, the Court may waive prudential exhaustion if: (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

The *Puga* factors do not require exhaustion here. As to the first factor, Zavala Sandoval raises a constitutional challenge to the adequacy of his bond hearing, a claim well suited for federal court review. *Singh*, 638 F.3d at 1203 n.3. As to the second factor, this case raises discrete legal questions whose resolution will provide concrete guidance to the immigration court: (1) whether decades-old unlawful entries and a failure to apply for immigration relief can sustain a finding of flight risk and (2) whether decades-old arrests for minor offenses with no convictions can sustain a finding of danger. Such guidance may reduce the need for future habeas petitions. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025); *W.T.M.*, 2026 WL 262583, at *2. As to the third factor, Respondents argue that the BIA can review evidentiary findings without the need for judicial review. When the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error. *See Soriano v. Hernandez*, No. 2:26-cv-00900-DGE, 2026 WL 969764, at * 4 (W.D. Wash. Apr. 10, 2026).

Respondents' contrary authorities are distinguishable. *Aden* required exhaustion of a challenge to the IJ's weighing of the evidence at a court-ordered hearing, which the court viewed as correctable by the BIA, and did not address the BIA's processing delays. *See Aden v. Nielsen*, No. 2:18-cv-1441-RSL, 2019 WL 5802013, at *1–3 (W.D. Wash. Nov. 7, 2019). Zavala Sandoval instead raises a question of law and shows irreparable harm from continued delay. And *Calderon* does not counsel otherwise. There, the petitioner had already received a court-ordered bond hearing at which the Government bore the burden of proof, and the only question was the BIA's delay in reviewing an adequate hearing. *Calderon v. Mullin*, No. 2:26-cv-01512-GJL, 2026 WL 1487774, at *1, *3 (W.D. Wash. May 28, 2026). Zavala Sandoval, by contrast, challenges the adequacy of the bond hearing itself, a question of law for this Court.

In any event, the Court would waive exhaustion because administrative remedies in this instance are "inadequate or not efficacious" and "irreparable injury would result." *Laing*, 370 F.3d at 1000. Zavala Sandoval has shown that if he is required to exhaust his appeal with the BIA, he will suffer irreparable harm in the form of continued detention without a legally adequate opportunity to demonstrate his entitlement to bond. Government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez*, 802 F. Supp. 3d at 1307. Zavala Sandoval has been detained since November 7, 2025. Requiring him to wait six months or more for BIA review would inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process. *See W.T.M.*, 2026 WL 262583, at *3; *Vasquez Lopez v. Hernandez*, — F. Supp. 3d —,

ORDER GRANTING PETITION FOR HABEAS CORPUS - 7

C26-0775 TSZ, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026); *Escalante Perez v. Hernandez*, C26-0956 TSZ, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026). Respondents point to *Calderon v. Mullin et al.,* where review of a habeas petition was denied on exhaustion grounds because petitioner did not make an individualized showing of irreparable harm. 2026 WL 1487774, at * 3. Here, Zavala Sandoval demonstrates the individualized irreparable harm he has suffered and will continue to suffer—his inability be with his family, provide for his children, and work. The Ninth Circuit has acknowledged that "economic burdens imposed on detainees and their families as a result of detention" as well as "the collateral harms to children of detainees whose parents are detained" are relevant considerations in the irreparable harm analysis. *Hernandez*, 872 F.3d at 995. Accordingly, the Court waives any exhaustion requirement.

**3.4    The IJ's bond denial was an abuse of discretion.**

Habeas courts review an IJ's bond determination for abuse of discretion. *Martinez*, 124 F.4th at 784–85. The Court may decide whether the IJ applied the correct legal standard, but it may not reweigh the evidence. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2017)); *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *4 (D. Idaho Apr. 7, 2026) (in reviewing discretionary bond determinations, federal district courts are "not required to countenance a sham").

In making bond determinations, IJ's consider the *Guerra* factors:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the

ORDER GRANTING PETITION FOR HABEAS CORPUS - 8

[noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Numerous courts in this Circuit have found due process violations where IJ's abuse their discretion in bond determinations.[2]

Here, almost all the *Guerra* factors favor Zavala Sandoval. He has decades of continuous residency in the United States, a fixed address in Oregon, stable employment, annual tax filings, strong professional and community ties, a long-term partner in the United States, four United States citizen children—three of whom are under the age of 18 years old. Dkt. No. 14-2 at 47. There is no evidence that Zavala Sandoval has a negative record of appearance in court or that he has attempted to flee prosecution or escape authorities. His criminal record is not serious or recent. He has an appeal of his removal order before the BIA, giving him incentive to appear for future proceedings. Dkt. No. 7. ¶ 11.

---

[2] *See e.g.*, *Garcia Miranda v. Hernandez et al.* No. 2:26-CV-00906-JNW, 2026 WL 1328227, at * 3 (W.D. Wash. May 13, 2026); *W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 WL 262583, at *3–4 (W.D. Wash. Jan. 30, 2026); *Soriano v. Hernandez*, 2026 WL 969764, at *4–6 (W.D. Wash. Apr. 10, 2026); *Zambrano-Vazquez v. Noem*, No. 26-cv-122-RSM, 2026 WL 657129, at *4 (W.D. Wash. Mar. 9, 2026); *Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004–05 (N.D. Cal. 2018); *Garcia v. Hyde*, 2025 WL 3466312, at *7–11 (D.R.I. Dec. 3, 2025); *Garcia Ortiz*, 2026 WL 948275, at *3–4.

ORDER GRANTING PETITION FOR HABEAS CORPUS - 9

Even so, the IJ denied bond, concluding that Zavala Sandoval posed a flight risk and a danger to the community. Dkt. No. 14-1. The IJ's flight risk finding cannot be sustained on this record. The IJ does not explain how Zavala Sandoval's prior voluntary return to Mexico in 2000 and 2006 makes him a flight risk decades later. Voluntary return orders dating back to 2000 and 2006 do not bear on Zavala Sandoval's flight risk status today. *See, e.g., Garcia Miranda*, 2026 WL 1328227, at * 4 (decades old prior unlawful entry does not inform petitioner's flight risk status today, especially where there is overwhelming contrary evidence under the *Guerra* factors); *Soriano,* 2026 WL 969764, at *5 (unauthorized reentry 25 years ago without more lacks objective rationale for a finding of flight risk); *Matter of Patel*, 15 I. & N. Dec. 666, 666–67 (BIA 1976) (the fact that noncitizen had overstayed his visa and had his visa application denied bears little relevance to flight risk inquiry). Even considering that Zavala Sandoval would have had at least one subsequent unlawful entry after his voluntary return order to Mexico in 2006, it is inferred from the record that this unlawful entry must have also occurred more than a decade ago. Dkt. No. 14-2 at 11–45 (tax filing records dating back to 2007); Dkt. No. 14-2 at 10 (letter from Zavala Sandoval's employer stating that he has been with the company for 13 years).

Nor does the IJ explain how Zavala Sandoval's failure to apply for immigration status after spending years living in the country makes him a flight risk. Zavala Sandoval argues that it was not until November 7, 2025, when he was placed in removal proceedings, that he could have even applied for immigration relief—cancellation of removal. Dkt. No. 17 at 8–9. But even assuming that Zavala

ORDER GRANTING PETITION FOR HABEAS CORPUS - 10

Sandoval may have been eligible for some other form of immigration relief such as a visa, the IJ does not explain what that relief would be and why his failure to apply for such relief would make him a flight risk today. *Vasquez Lopez*, 2026 WL 984151, at *4 (leaving the court to speculate on how the IJ viewed the evidence considering the applicable factors constitutes an abuse of discretion).

The IJ's danger finding also cannot be sustained on this record. The IJ cites to a single 2017 fourth-degree assault charge that, as Respondents concede, was dismissed. Dkt. No. 7 ¶ 5; Dkt. No. 18-1 at 5. A dismissed, decade-old charge for a minor offense is not probative of present dangerousness. An IJ must weigh "the recency and severity of the offenses," *Singh*, 638 F.3d at 1206, and "'evidence of criminal conduct grows less powerful as it becomes less current,'" *Aguirre-Urbina v. Wilcox*, C18-1743 TSZ, 2019 WL 2161644, at *1 (W.D. Wash. May 17, 2019) (citation omitted). And "not every criminal record would support a finding of dangerousness." *Singh*, 638 F.3d at 1206 (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008)). Respondents argue that the charge supports a danger finding because Zavala Sandoval did not deny the underlying assault or come forward with evidence about it. But the IJ could not treat a dismissed charge as established misconduct, and even a conviction for so minor and remote an offense would not, without more, establish present danger. *Id.*; *Garcia Miranda*, 2026 WL 1328227, at *4 (rejecting danger finding where there are two remote arrest records and overwhelming evidence of petitioner's good character). *Ortega-Rangel*, 313 F. Supp. 3d at 1004–05 (concluding IJ abused their discretion in denying bond based on pending criminal charge that, without more, did not serve as "probative and

ORDER GRANTING PETITION FOR HABEAS CORPUS - 11

specific" evidence of criminal activity). Simply being "involved in some altercation that was significant enough to lead to [an] arrest" is unlikely to ever be enough evidence to pass the clear and convincing standard for a finding of danger, Dkt. No. 16 at 14.

The IJ's bond denial does not rationally apply the governing legal standard and the facts and evidence here. The IJ's cited reasons for denying bond conflict with the record and do not stand on their own as a basis to deny bond, and they certainly do not outweigh the significant evidence in Zavala Sandoval's favor. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (finding that the BIA abuses its discretion "when it fails to 'consider and address in its entirety the evidence submitted by petitioner'"). Simply acknowledging contrary evidence is not enough; the IJ must meaningfully engage with it. *See, e.g.*, *Miri v. Bondi,* No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *8–9 (C.D. Cal. Mar. 5, 2026) (finding an abuse of discretion where an immigration judge did not explain the reasons for denying bond); *Vanessa Soto Gimenez, v. Hernandez, et al., ,* No. 2:26-cv-00966-GJL, 2026 WL 1156075, at * 8 (W.D. Wash. Apr. 29, 2026) (failure to engage with evidence and absence of articulated reasoning constitutes an abuse of discretion); *Garcia v. Hyde,* No. 25-cv-585-JJM-PAS, 2025 WL 3466312, at * 10 (D.R.I. Dec. 3, 2025) (abuse of discretion to disregard contrary evidence submitted by petitioner that his arrest warrant was inactive). No reasonable adjudicator could conclude that Zavala Sandoval poses a flight risk or a danger to the community. The IJ's decision was an abuse of discretion, and Zavala Sandoval's continued detention violates due process.

ORDER GRANTING PETITION FOR HABEAS CORPUS - 12

**3.5     The appropriate remedy.**

Having found that the IJ's bond denial was an abuse of discretion, the Court must determine the appropriate remedy. "Federal courts have a fair amount of flexibility" in fashioning habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Respondents urge the Court to deny release because Zavala Sandoval is in ongoing removal proceedings. Dkt. No. 16 at 18. Detention during removal proceedings still must bear a "reasonable relation to [its] purpose." *Demore*, 538 U.S. at 527. Because the record establishes neither flight risk nor danger, no purpose supports Zavala Sandoval's detention, and the typical habeas remedy— release—is appropriate. *See, e.g., Soriano*, 2026 WL 969764, at *6 (ordering immediate release for petitioner found not to be a flight risk); *Vasquez Lopez*, 2026 WL 984151, at *4 (same relief); *W.T.M.*, 2026 WL 262583, at *5 (same relief); *Garcia Miranda*, 2026 WL 1328227, at * 5 (same relief). Accordingly, the Court orders Zavala Sandoval's immediate release.

The Court finds it necessary to enjoin Respondents from re-detaining Zavala Sandoval without first providing him with individualized notice describing the change in circumstances necessitating his arrest and or detention, and a pre-deprivation bond hearing before an immigration judge at which Respondents will bear the burden of proof. *See Soriano*, 2026 WL 969764, at *6 (providing same relief); *Garcia Miranda,* 2026 WL1328227, at * 5 (same); *Hernandez v. Warden of Adelanto ICE Processing Center et al.*, No. 5:26-CV-02231-AJR, 2026 WL 1362396, at * 8 (C.D. Cal. May 11, 2026) (same).

ORDER GRANTING PETITION FOR HABEAS CORPUS - 13

Zavala Sandoval also asks the Court to require the IJ in his case to read this decision. Because Zavala Sandoval's release resolves his due process claim, the Court declines this request as unnecessary.

Finally, return of Zavala Sandoval's property is an appropriate and routine request for relief alongside his immediate release. *See, e.g., Sencion-Hernandez v. Hernandez,* No. 2:26-CV-01578-TMC, 2026 WL 1405954, at *1 (W.D. Wash. May 19, 2026) (recent class counsel enforcement petition requiring return of personal documents). Respondents must return any personal property, including any belongings taken from him, such as money or personal possessions, personal identification documents (other than a passport) and employment authorization documents.

## 4.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1.  The Petition for a Writ of Habeas Corpus is GRANTED. Dkt. No. 13.

2.  Respondents must release Petitioner from custody, on appropriate conditions of supervision, within TWENTY-FOUR (24) hours of this Order.

3.  Respondents must file a status report within FORTY-EIGHT (48) hours of this Order, confirming that Petitioner has been released from custody.

4.  Petitioner may not be re-detained without advance written notice and a pre-deprivation hearing before a neutral decisionmaker, unless probable cause exists for believing Petitioner has committed or is attempting to commit a criminal offense.

5. On release, Respondents must return Petitioner's personal property, including personal identification and employment authorization documents (other than a passport).

6. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. See *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 9th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR HABEAS CORPUS - 15