The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Valentin ZAVALA SANDOVAL,<br><br>Petitioner,<br><br>v.<br><br>Julio HERNANDEZ et al.,<br><br>Respondents. | Case No. 2:26-cv-01198-JNW<br><br>**STIPULATED MOTION FOR EXTENSION OF DEADLINE TO FILE MOTION FOR FEES AND COSTS UNDER EAJA**<br><br>Note on Motion Calendar:<br>September 9, 2026 |

For good cause, Petitioner and Federal Respondents, by and through their counsel of record, jointly stipulate and move to extend Petitioners' deadline to file any post-judgment motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, until 60 days after the Supreme Court issues its decision in *Montoya Palacios v. Liggins*, No. 25-1223 (S. Ct. filed Apr. 20, 2026).

The Court granted Petitioner's habeas petition AND entered judgment on June 9, 2026. *See* Dkts. 21 & 22. Under 28 U.S.C. § 2412(d)(1)(B), a party seeking EAJA fees is required to file a motion "within thirty days of final judgment in the action,"[1] and for purposes of EAJA, a "final judgment" means a judgment that is final and not appealable, *id.* § 2412(d)(2)(G).

[1] The thirty-day deadline to file a motion under 28 U.S.C. § 2412(d)(1)(B) is non-jurisdictional and may be extended. *See Scarborough v. Principi*, 541 U.S. 410, 413 (2004).

Respondents had 60 days to appeal the judgment; because the 60-day mark fell on Saturday, August 8, 2026, Respondents' appeal deadline was Monday, August 10, 2026. Fed. R. App. P. 4(a)(1)(B); Fed. R. App. Ap. 26(a)(1)(C). Because they did not file an appeal, the judgment in this case became final and not appealable upon expiration of the appeal period. Accordingly, Petitioners' EAJA deadline is September 9, 2026. *See* Fed. R. Civ. P. 6(a)(2)(C).

The EAJA provides that a party who prevails against the government "in any civil action (other than cases sounding in tort)" may seek an award of fees and costs. 28 U.S.C. § 2412(d)(1)(A)–(B). On June 29, 2026, the Supreme Court granted certiorari in *Montoya Palacios*, on the issue of whether the phrase "any civil action" in the EAJA encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention. --- S. Ct. ----, 2026 WL 1855057 (June 29, 2026). The parties have conferred and agree that extending Petitioners' EAJA deadline until after the Supreme Court decides *Montoya Palacios* would promote judicial efficiency and conserve judicial resources. Accordingly, the parties respectfully request that the Court extend the deadline for Petitioners' motion for fees from September 9, 2026, until 60 days after the Supreme Court issues its decision in *Montoya Palacios*.

Respectfully submitted this 9th day of September, 2026.

s/ Matt Adams
Matt Adams, WSBA No. 28287
matt@nwirp.org

s/ Leila Kang
Leila Kang,* WSBA No. 48048
leila@nwirp.org

Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

*Counsel for Petitioner*

**I certify that this motion contains 374 words, in compliance with the Local Civil Rules.*

*s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
brian.kipnis@usdoj.gov

*Attorney for Federal Respondents*

**ORDER**

The parties having stipulated and agreed, Petitioners' deadline to file a motion for attorneys' fees shall be extended until 60 days after the Supreme Court issues its decision in *Montoya Palacios*.

IT IS SO ORDERED.

DATED this 11th day of September, 2026.

Jamal N. Whitehead
United States District Judge